# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

YAISHA HODGES,

    Plaintiff,

    v.

FREDDIE RUFUS,

    Defendant.

Case No. 2:19-cv-4742
Judge Michael H. Watson
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION AND ORDER

This matter is before the Court on Plaintiff's Motions for Leave to Proceed *in forma pauperis* (Docs. 1, 7). On October 28, 2019, the Court ordered Plaintiff "to file an accurate Application to Proceed in District Court Without Prepaying Fees or Costs detailing her actual monthly expenses" and directed her to do so "on or before November 12, 2019." (Doc. 3). That deadline passed, and Plaintiff did not comply with the Court's Order. The Court, therefore, issued a Show Cause Order directing Plaintiff to show cause on or before December 2, 2019 why this action should not be dismissed for want of prosecution. Plaintiff failed to submit a response to the Court's Show Cause Order, and the Undersigned issued a Report and Recommendation (Doc. 5), recommending that the action be dismissed for want of prosecution. Plaintiff then filed an Objection (Doc. 6) to the Report and Recommendation along with a new Motion for Leave to Proceed *in forma pauperis* (Doc. 7). In light of the new Motion for Leave to Proceed *in forma pauperis*, the Undersigned **WITHDRAWS** the December 11, 2019 Report and Recommendation (Doc. 5), **GRANTS** the Motions for Leave to Proceed *in forma pauperis* (Doc. 1, 7), and **RECOMMENDS** that the Court **DISMISS** Plaintiff's claims.

## I. LEGAL STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In sum, although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## II. DISCUSSION

Plaintiff's Complaint (Doc. 1-2) is difficult to follow. It is styled as a "Complaint and Request for Injunction on case # F/18/000950." (*Id.* at 1). Although it is not clear from the Complaint to what case Plaintiff is referring, it appears to be some type of state court proceeding. (*See* Doc. 1-2 at 5 (referring to the "Bronx New York Family Courts" and a "fraudulent/deceptive court order from Wilkes Barre, Pennsylvania" concerning Plaintiff's son visiting his father in Ohio)).

Plaintiff, a resident of Cincinnati, Ohio, is suing Defendant Freddie Rufus, a resident of Columbus, Ohio, and Defendant John/Jane Doe. (*Id.* at 1–2). As best the Undersigned can tell, Plaintiff appears to allege that Defendant Rufus contacted the "New York Administration for Children" and falsely informed officials that Plaintiff was mentally ill and incapable of caring for

her son. (*Id.* at 5). Further, Plaintiff alleges that Defendant Rufus has been hacking her wireless devices and accounts. (*Id.*). According to her, "[a]ll [her] complaints are because of Rufus hacking." (*Id.*).

Plaintiff also alleges that her son has been kidnapped and "has not been seen or heard from since Oct. 27, 2017." (*Id.*). Although difficult to grasp, it seems that Plaintiff is alleging that her son was kidnapped pursuant to a "fraudulent/deceptive court order from Wilkes Barre, Pennsylvania," which "falsely states [she] made [a] request for [her] son to go to Ohio with his dad." (*Id.*). It is not clear from the Complaint if Defendant Rufus is the father of Plaintiff's son.

Plaintiff seeks injunctive relief, rather than monetary damages, to prevent "mental deterioration and extreme mental distress irreparable injuries caused to my son and myself." (*Id.*). In support of her claim for injunctive relief, she cites a number of federal criminal statutes and her right to due process. (*Id.* at 3). She also appears to assert a claim for the intentional infliction of emotional distress. (*Id.* at 5).

As an initial matter, a search of this Court's CM/ECF database and the United States Courts' PACER database suggests that Plaintiff's action is barred by the doctrine of res judicata. Plaintiff has filed a number of similar actions that have been dismissed by various federal courts. *See, e.g.*, *Yaisha Hodges v. Freddie Rufus*, 2:19-cv-01741 (S.D. Ohio 2019); *Yaisha Hodges, et al. v. Aaron McCurdy, et al.*, 1:18-cv-1031 (N.D. Ohio 2018); *Yaisha Hodges v. Freddie Rufus, et al.*, 3:18-cv-01528 (M.D. Pa. 2018); *Yaisha Hodges, et al. v. Freddie Rufus, et al.*, 3:17-cv-00859 (E.D. Va. 2017). A reasonable argument could be made that res judicata applies as a result. *See Montana v. United States*, 440 U.S. 147, 153 (1979) (holding that res judicata "preclude[s] parties from contesting matters that they have had a full and fair opportunity to litigate"); *Arangure v. Whitaker*, 911 F.3d 333, 337 (6th Cir. 2018) (citing *Taylor v. Sturgell*, 553

U.S. 880, 892 (2008)) ("Claim preclusion prevents a party from litigating matters that should have been raised in an earlier case but were not.").

But even giving Plaintiff the benefit of the doubt with respect to res judicata, this action should be dismissed for a number of additional reasons. First, to the extent Plaintiff requests that the Court enjoin a state court proceeding, the law does not permit this Court to do so. *See* 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.").

Second, Plaintiff has not alleged any actions on the part of Defendant John/Jane Doe. (*See generally* Doc. 1-2). And without any allegations connecting Defendant John/Jane Doe to the misconduct alleged in the Complaint, Plaintiff has failed to state a claim upon which relief can be granted against Defendant John/Jane Doe.

Third, the federal statutes and Constitutional provisions that Plaintiff cites do not provide grounds for relief against Defendant Rufus. The federal statutes cited by Plaintiff are criminal statutes that do not support a civil claim against Defendant Rufus. (*See id.* at 3 (citing, e.g., 18 U.S.C. §§ 249, 1201, 2261A)). Plaintiff's reliance on the Constitution's guarantee of Due Process is similarly misplaced. She does not allege that Defendant Rufus is a government actor, and, as a result, there is no basis for a Due Process claim against him.

Finally, Plaintiff has failed to identify a basis for this Court to assert federal question jurisdiction over this action. And because Plaintiff and Defendant Rufus are citizens of the same state, (*see* Doc. 1-2 at 1–2), there is no basis for Plaintiff to proceed on any state law claims in this Court. *Cf.* 28 U.S.C. § 1332.

## III. CONCLUSION

For the foregoing reasons, the Undersigned **WITHDRAWS** the December 11, 2019 Report and Recommendation (Doc. 5), **GRANTS** the Motions for Leave to Proceed *in forma pauperis* (Doc. 1, 7), and **RECOMMENDS** that the Court **DISMISS** Plaintiff's claims.

### **Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). Failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 152–53 (1985).

IT IS SO ORDERED.


Date: January 22, 2020 /s/Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE